IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 2 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| EFRAIN SIFUENTES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-566-A |
| | § | (NO. 4:17-CR-194-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Efrain Sifuentes, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:17-CR-194-A, styled "United States v. Arnoldo Morfin-Arias, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On October 18, 2017, movant was named with others in a three-count superseding indictment charging him in count two with conspiracy to possess with intent to distribute 50 grams or

more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 246. Movant entered a plea of not guilty. CR Doc. 258. On February 14, 2018, movant was named in a second superseding indictment charging him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). CR Doc. 367. Movant's case was tried to a jury, which reported to the court that the jurors would not be able to reach a unanimous verdict. The court granted movant's motion for mistrial and scheduled the retrial to commence April 23, 2018. CR Doc. 453. The order cautioned movant that should he wish to enter a plea of guilty pursuant to a plea agreement, arrangements for the scheduling of the plea must be finalized by 3:00 p.m. on April 19, 2018; otherwise, the case would proceed to trial.[2] Id. And, the order set a deadline for the filing by the government of its objections to any evidence pertaining to movant's character and character traits, and for a response by movant, should the government persist in the belief that some of the evidence offered in that regard should not be admitted. Id.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-194-A.
[2] A similar order had been signed when the case was initially set for trial, CR Doc. 259, and each time the trial was reset. CR Doc. 311; CR Doc. 341.

2

On April 20, 2018, movant entered a plea of guilty to the second superseding indictment. CR Doc. 490. He and his attorney signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 492. Movant testified under oath that: No one had made any promise or assurance of any kind to induce him to plead guilty; he understood that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 631.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 552, ¶ 34. He received a two-level increase for importation, id. ¶ 35, and a two-level increase for being an organizer, leader, manager, or supervisor. Id. ¶ 38. Based on a total offense level of 38 and a criminal history category of II, movant's guideline imprisonment

range was 262 to 327 months; however, the statutorily authorized maximum was 20 years, so the guideline term became 240 months. Id. ¶ 85. Movant filed objections, CR Doc. 650, and supplemental objections, CR Doc. 607, and the probation officer prepared an addendum to the PSR. CR Doc. 572. Movant again filed objections. CR Doc. 575. He also filed a motion for downward departure or variance. CR Doc. 565.

The court sentenced movant to a term of imprisonment of 160 months, granting a downward variance. CR Doc. 604; CR Doc. 605. He appealed. CR Doc. 617. His sentence was affirmed. United States v. Sifuentes, 945 F.3d 865 (5th Cir. 2019).

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion, all alleging ineffective assistance of counsel. Doc.[3] 1. In support of his first ground, he says that counsel knew the government had extended a plea offer with a statutory cap of four years, but failed to explain that character evidence that had hung the jury in the first trial would not be allowed at the second trial. Id. at 7 & attach. A. In support of his second ground, he says that counsel failed to inform him of the deadline for the

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

four-year-cap offer. Id. In support of his third ground, he asserts that counsel knew the government had committed prosecutorial misconduct by extending a plea offer and continuing to investigate the case, then withdrawing the offer. Id. And, in support of his fourth ground, movant says that he told counsel that Aaron Gonzalez ("Gonzalez") was lying and had to have been coerced into making statements "linking [movant] to the involvement of drugs" but counsel failed to investigate, allowing the statements to be used in the calculation of movant's base offense level. Id. at 8 and attach. A.

### III.

### Applicable Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

6

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The allegations in support of movant's first ground are conclusory and insufficient to state a constitutional claim. Miller, 200 F.3d at 282. In sum, he alleges that counsel failed to provide advice explaining that "a new trial would not allow

7

the use of the character evidence that led to the hung jury" and the government would present additional evidence in support of the prosecution. Doc. 1 at attach. A. He does not explain what character evidence he references or how such evidence led to a hung jury. Why the first proceeding ended in a mistrial is purely speculative. Further, the record reflects that no ruling had been made about the admissibility of any evidence to be presented by movant at the second trial. Rather, the court had simply given the government an opportunity to file objections to proposed evidence and movant an opportunity to respond. CR Doc. 453. Movant further complains that counsel failed to advise him that the government would present additional evidence, but he does not provide any details. Nor does he identify the particular point in time he says the failure occurred. Movant does not explain why his attorney would have known of additional evidence and what such evidence was, much less why it would have made any difference. Finally, movant says he would have pleaded guilty had counsel explained that "a statutory cap of 4 years would avoid a lengthier sentence." Doc. 1 at attach. A. He does not explain what crime would have had a statutory cap of four years. If he means that the government would have offered a plea agreement with a cap of a four-year sentence, the court would not have accepted such an agreement. The court has never

accepted agreements as to sentences to be imposed. To the extent that movant is contending that the government offered him the opportunity to plead guilty to the offense of use of a communication facility in causing or facilitating the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b), he makes no attempt to show that the court would have accepted such a plea. See Lafler v. Cooper, 566 U.S. 156, 164 (2012).

The gist of the second ground appears to be that counsel never told movant that the government's unspecified plea offer had a deadline. Doc. 1 at 7 & attach. A. The allegations are conclusory and insufficient. Miller, 200 F.3d at 282. Movant was aware that there was a deadline for making arrangements with the court to enter a guilty plea. CR Doc. 453. He does not say, much less adduce any evidence to show, that he was ready, willing, and able to enter into any plea agreement before that deadline. And, once again, there is no reason to believe that a plea of the kind movant apparently alludes to would have been acceptable to the court and the outcome of the case would have been different. In fact, the court would not have found a plea with a cap of a four-year sentence acceptable.

In support of his third ground, movant says that his counsel knew the government committed prosecutorial misconduct

9

but failed to pursue that matter. He says that counsel knew "the plea offer withdrawal had been done in bad fait[h] but failed to notify the Court and allowed the injustice to proceed." Doc. 1 at attach. A. He offers no explanation of what he means. Movant did not have a right to be offered a plea agreement; nor did he have a right that the court accept one. Missouri v. Frye, 566 U.S. 134, 148 (2012). He does not describe any act of prosecutorial misconduct.

Finally, movant alleges that he had told counsel that Gonzalez was lying about movant's involvement in drug dealing, but counsel failed to investigate. Doc. 1 at 8 & attach. A. He says, without any support, that Gonzalez's statements must have been coerced. He says that had counsel presented "the [unidentified] evidence" to the court, Gonzalez's statements would have been determined to be unreliable and would not have been used to calculate movant's base offense level. Id. Movant did not raise this issue on appeal, however, and cannot raise it here without showing both cause and prejudice. Shaid, 937 F.2d at 232. He has not made any attempt to do so. His allegations are speculative in any event. The court was entitled to rely on the PSR. United States v. Harris, 702 F.3d 226, 230 (5th Cir. 2012). And, the PSR reflects that Gonzalez was not the only

10

source of information regarding movant's activities. CR Doc. 552.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 2, 2021.

_____
JOHN McBRYDE
Senior United States District Judge